**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
CASE NUMBER:**

| | |
|---|---|
| Prime Property & Casualty Insurance Company, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Larrimore Logging, LLC, Cloise Sechrest, and Walter Boatwright, <br><br> Defendants. | **COMPLAINT** <br> **(Declaratory Judgment)** |

Plaintiff, Prime Property & Casualty Insurance Company, Inc. (hereinafter "Prime"), seeks declaratory relief to determine the rights of the parties and alleges and shows as follows:

## JURISDICTION & VENUE

1. Prime is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in the State of Utah. Prime is authorized to transact business in the State of South Carolina, including writing policies of insurance.

2. Upon information and belief, Defendant Larrimore Logging, LLC is a limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business in the State of South Carolina.

3. Upon information and belief, Defendant Cloise Sechrest is a citizen and resident of Davidson County, North Carolina.

4. Upon information and belief, Defendant Walter Boatwright is a citizen and resident of Marion County, South Carolina.

1

5. This matter is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.; there is a real or justiciable controversy between the parties, and by these proceedings Plaintiff asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

6. Venue is proper in this Division and this Court pursuant to 28 U.S.C. § 1391(b)(2) as, upon information and belief, a substantial part of the events giving rise to this claim occurred in this Division.

7. The amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship. Therefore, this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332(a)(1).

**FACTS**

8. Prime issued a commercial auto policy, Policy No. PC19121572, to Larrimore Logging, LLC with effective dates of December 26, 2019 to December 26, 2020 (hereinafter the "Prime Policy"). The Prime Policy lists several insured tractor trailer trucks and one insured trailer, a 2015 Evans trailer, VIN No. 1J96142BXF0003888. The Prime Policy provides a $1,000,000 combined single liability limit. A copy of the Prime Policy is attached hereto as Exhibit A.

9. The Prime Policy provides coverage to certain persons and entities qualifying as "insureds" for certain risks under the insuring agreement and excludes certain risks through policy exclusions. Prime craves reference to the Prime Policy for all terms, conditions, and provisions therein and incorporates them by reference herein.

10. The Prime Policy provides in pertinent part:

**SPECIFICALLY DESCRIBED AUTOS – ITEM THREE OF THE DECLARATIONS**

\*\*\*

[Table of Scheduled Autos]

\*\*\*

Any non-owned trailers scheduled on this endorsement must be attached to a scheduled power unit for coverage to apply.

\*\*\*

**BUSINESS AUTO COVERAGE FORM**

\*\*\*

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A.  Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| \*\*\* | \*\*\* | |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |

\*\*\*

**C.  Certain Trailers, Mobile Equipment And Temporary Substitute Autos**
If Covered Autos Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Covered Autos Liability Coverage:
1.  "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

\*\*\*

## SECTION II – COVERED AUTOS LIABILITY COVERAGE

**A. Coverage**
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto"….

3

> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply….
>
> **1. Who Is An Insured**
> The following are "insureds":
> a. You for any covered "auto".
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>    (1) The owner or anyone else from whom you hire or borrow a covered "auto."
>    This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
>    (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
> \*\*\*
> c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.
> \*\*\*

11. On December 1, 2020, Cloise Sechrest filed suit in the Lee County, South Carolina Court of Common Pleas against Walter Boatwright and Larrimore Logging, LLC, Civil Action No. 2020-CP-31-00316 (hereinafter the "Underlying Complaint"). A copy of the Underlying Complaint is attached hereto as Exhibit B.

12. The Underlying Complaint alleges that Cloise Sechrest was involved in a two-vehicle accident on October 5, 2020 on Bethune Highway in Lee County, South Carolina.

13. The Underlying Complaint alleges Walter Boatwright was operating a tractor trailer truck pulling a logging trailer when he failed to yield the right of way causing Sechrest's vehicle to strike the logging trailer and causing injuries to Sechrest.

14. The Underlying Complaint alleges Walter Boatwright owned the tractor trailer truck involved in the accident.

4

15. Upon information and belief, the tractor trailer truck involved in the October 5, 2020 accident is a 2003 Freightliner tractor trailer, VIN No. 1FUJA6CG83PK22514, owned by Walter Boatwright.

16. The 2003 Freightliner tractor trailer, VIN No. 1FUJA6CG83PK22514, is not an insured vehicle under the Prime Policy.

17. Upon information and belief, the logging trailer involved in the October 5, 2020 accident was not owned by Larrimore Logging, LLC.

18. Upon information and belief, the logging trailer involved in the October 5, 2020 accident is not the 2015 Evans trailer, VIN No. 1J96142BXF0003888, listed on the Prime Policy.

19. Upon information and belief, there were no logs on the logging trailer at the time of the October 5, 2020 accident.

20. The Underlying Complaint alleges Walter Boatwright was employed by or acted as agent of Larrimore Logging, LLC at all relevant times.

21. Upon information and belief, Defendants have or will make claims for liability coverage under the Prime Policy for the October 5, 2020 accident.

**FOR A FIRST DECLARATION**

22. Plaintiff repeats and realleges each and every one of the allegations set forth above as if set forth verbatim herein.

23. Under the terms of the Prime Policy, Walter Boatwright only qualifies as "insured" for liability coverage while using with Larrimore Logging, LLC's permission a covered "auto" Larrimore Logging, LLC owns, hires or borrows, provided Boatwright is not the owner of such "auto" or the person from whom Larrimore Logging, LLC borrowed or hired such "auto."

24. Therefore, Walter Boatwright does not qualify as an "insured" for liability coverage for the October 5, 2020 accident unless he was using a covered "auto" – which he did not own – when the accident occurred.

25. Upon information and belief and as alleged in the Underlying Complaint, Walter Boatwright owned the tractor trailer truck he was operating at the time of the October 5, 2020 accident.

26. Upon information and belief, Walter Boatwright also owned the logging trailer involved in the October 5, 2020 accident.

27. Moreover, under the terms of the Prime Policy, only the following qualify as covered autos: (1) those "autos" described in Item Three of the Declarations for which a premium charge is shown; (2) any trailers Larrimore Logging, LLC does not own while attached to any power unit described in Item Three; and (3) "trailers" with a load capacity of 2,000 pounds or less.

28. Upon information and belief, at the time of the October 5, 2020 accident, Walter Boatwright was operating a 2003 Freightliner tractor trailer, VIN No. 1FUJA6CG83PK22514. This vehicle does not qualify as a covered "auto" under the Prime Policy. It is not described in Item Three of the Prime Policy Declarations.

29. Upon information and belief, the logging trailer involved in the October 5, 2020 accident was not owned by Larrimore Logging, LLC.

30. The only trailer listed on the Prime Policy is a 2015 Evans trailer, VIN No. 1J96142BXF0003888. Upon information and belief, the logging trailer involved in the October 5, 2020 accident was not the 2015 Evans trailer listed on the Prime Policy.

31. Upon information and belief, the logging trailer involved in the October 5, 2020 accident had a load capacity of greater than 2,000 pounds.

32.     Consequently, neither the tractor trailer nor the logging trailer involved in the October 5, 2020 accident qualify as a covered "auto" under the Prime Policy.

33.     Therefore, Prime is entitled to a declaration that Walter Boatwright does not qualify as an "insured" for liability coverage under the Prime Policy for the October 5, 2020 accident.

## FOR A SECOND DECLARATION

34.     Plaintiff repeats and realleges each and every one of the allegations set forth above as if set forth verbatim herein.

35.     Under the terms of the Prime Policy, "insureds" include "you for any covered 'auto.'" The Prime Policy defines "you" as Larrimore Logging, LLC.

36.     Therefore, Larrimore Logging, LLC is only an "insured" for the October 5, 2020 accident if the accident involved a covered "auto."

37.     As explained above, neither the tractor trailer owned by Walter Boatwright nor the logging trailer involved in the October 5, 2020 accident qualify as covered "autos" under the Prime Policy.

38.     Therefore, Prime is entitled to a declaration that Larrimore Logging, LLC does not qualify as an "insured" for liability coverage under the Prime Policy for the October 5, 2020 accident.

## FOR A THIRD DECLARATION

39.     Plaintiff repeats and realleges each and every one of the allegations set forth above as if set forth verbatim herein.

40.     Under the terms of the Prime Policy, liability coverage is limited to sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

41. As explained above, none of the vehicles or trailers involved in the October 5, 2020 accident qualify as covered "autos" under the Prime Policy.

42. Additionally, neither of the defendants in the Underlying Complaint qualify as "insureds" under the Prime Policy for the October 5, 2020 accident.

43. Therefore, Prime is entitled to a declaration that the Prime Policy does not provide liability coverage for the October 5, 2020 accident.

**WHEREFORE**, Prime respectfully requests that this Court inquire into these matters and declare that the Prime Policy provides no liability coverage for the October 5, 2020 accident and Prime has no duty to defend or indemnify with respect to any claims arising out of the October 5, 2020 accident, together with such other and further relief as the Court may deem proper

          MURPHY & GRANTLAND, P.A.

          *s/Wesley B. Sawyer*
          Wesley B. Sawyer, Esquire (Fed Bar No. 11244)
          4406-B Forest Drive (29206)
          P.O. Box 6648
          Columbia, South Carolina 29260
          (803) 782-4100
          wsawyer@murphygrantland.com
          Attorneys for Plaintiff

Columbia, South Carolina
August 4, 2021